```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MONONGALIA COUNTY COAL COMPANY**

    **Plaintiff,**

**v.**        //    **CIVIL ACTION NO. 1:16CV04**
                              (Judge Keeley)

**UNITED MINE WORKERS OF AMERICA,**
**INTERNATIONAL UNION and**
**UNITED MINE WORKERS OF AMERICA,**
**LOCAL UNION 1702**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 22]

The defendants, United Mine Workers of America, International Union and United Mine Workers of America, Local Union 1702 (collectively "Union"), have filed a timely motion seeking reconsideration of the Court's Memorandum Opinion and Order Denying Defendants' Motion for Summary Judgment and Granting Plaintiff's Motion for Summary Judgment ("Opinion and Order"). That Opinion and Order vacated the award issued by Arbitrator Betty Widgeon ("Arbitrator") in the parties' underlying labor grievance arbitration. For the reasons that follow, the Court **DENIES** the motion.

## I. BACKGROUND[1]

On February 16, 2017, the Court vacated the Arbitrator's Decision and Award ("Award") after concluding that it failed to

---

[1]This background is limited to those facts relevant to the instant motion. A full recitation of the factual background leading to the underlying arbitration can be found in the Court's Order and Opinion (dkt. no. 20).

draw its essence from the parties' Collective Bargaining Agreement ("CBA"). Id. at 22. Specifically, the Court found that the Arbitrator's conclusion that the disputed work was repair and maintenance work, rather than construction work, contradicted the overwhelming arbitral precedent and therefore contravened the parties agreement.[2] Id. at 19-20.

Pursuant to Fed. R. Civ. P. 59(e), on March 7, 2017, the Union moved for reconsideration to "correct a clear error of law and prevent manifest injustice" (dkt. no. 22 at 1). In particular, the Union argues that "remand to the Arbitrator rather than vacatur of her Award is consistent with the governing and well established principles of labor law and is the proper course for the District Court to follow when confronted with an ambiguous or incomplete labor arbitration award." Id. at 1-2. The motion is fully briefed and ripe for review.

---

[2]Citing United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 581-82 (1960) (recognizing the "industrial common law — the practices of the industry and the shop — [which] is equally a part of the collective bargaining agreement although not expressed in it"); Clinchfield Coal Co. v. UMWA, Dist. 28, 567 F. Supp. 1431, 1434 (W.D. Va. 1983), aff'd, 736 F.2d 998 (4th Cir. 1984) (applying principle that past decisions by the Arbitration Review Board under the National Bituminous Coal Wage Agreements constituted part of the common law of the shop). See also Brown & Pipkins, LLC v. SEIU, Local 39BJ, 846 F. 3d 716, 725 (4th Cir. 2017).

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 59(e), a petitioner must move the Court to alter or amend a judgment within 28 days from entry of the judgment. The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or, (3) to correct a clear error of law or to prevent manifest injustice. See Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) motions are to be used sparingly, and may not be used to relitigate old matters or "to raise arguments which could have been raised prior to the issuance of the judgment." Id.; see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008). "It is improper to use such a motion to ask the Court to 'rethink what the court has already thought through-rightly or wrongly.'" Turner v. United States, 2014 WL 4805265 at * 2 (N.D.W. Va. Sept. 26, 2014) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## III. DISCUSSION

The Union does not argue that any intervening change has occurred in the controlling law, nor does it reference any newly found evidence not previously available. Rather,

> [t]he main point of this Motion, as more fully addressed in the UMWA's accompanying Memorandum, is that remand to the Arbitrator rather than vacatur of her Award is consistent with the governing and well established principles of labor law and is the proper course for the District Court to follow when confronted with an ambiguous or incomplete labor arbitration award.

Dkt. No. 22 at 1-2. It also argues, as it did in its motion for summary judgment, that the Court should not "second-guess" the Arbitrator or wade into a review of the merits of the grievance. Dkt. No. 23 at 6-8.

**A.   Remand To The Arbitrator Is Not Mandated In This Instance**

The Union proclaims that it is a "bedrock of federal labor law" that, if a court is concerned that an arbitrator's award is ambiguous or unclear as to its basis, remand is the proper remedy. Dkt. No. 23 at 4. The slim reed on which it rests this argument is a statement in the Court's Order and Opinion noting that "the Arbitrator may have found some ambiguity [in the CBA], although she did not explicitly say so." Dkt. No. 25 at 9.

Put in its proper context, this statement was limited to whether the Arbitrator found an ambiguity between the two contract terms, "construction" and "repair or maintenance," that required her to rely on the "existing common law of the particular plant or industry, for it is an integral part of the contract." Clinchfield Coal Co. v. District 28, United Mine Workers of America & Local

4

Union No. 1452, 720 F.2d 1365, 1368 (4th Cir. 1983)(quoting Norfolk Shipbuilding and Drydock Corp. v. Local No. 684 of the Int'l Brotherhood of Boilermakers, 671 F.2d 797, 800 (4th Cir. 1982). It did not bear on whether the Arbitrator's Award was ambiguous in its reasoning and conclusion. In point of fact, the Arbitrator was unambiguous in concluding that the work in question was repair and maintenance, not construction. It was precisely because this conclusion conflicted with the overwhelming arbitral precedent that the Court determined its essence had not been drawn from the contract.

The Union next points to the Arbitrator's conclusion that hanging of the pumpable crib bags "d[id] not fall into the construction exception, and because it is, at the very least, repair and maintenance work, it is Union work." Dkt. No. 23 at 2 (emphasis added by Union). The Union argues that the phrase, "at the very least," "suggests the possibility of more than just one contractually founded basis for [the Arbitrator's] award," rather than solely because the work was repair and maintenance. Id. For example, the Union suggests that the Arbitrator could have concluded that "the work was part of the production process under

5

Article IA(a)" of the CBA.[3] Id. 3. Or, alternatively, that "since the work had customarily been performed by bargaining unit employees it properly fell within the Union's work jurisdiction as a result of the historical practice and custom at the mine."[4] Id.

Such speculation does not rise to an ambiguity warranting remand to the arbitrator. Indeed, the cases on which the Union relies to support its argument highlight the difference between the Award here and those where an ambiguity warranted remand. For example, in Cannelton Industries, Inc. v. District 17, United Mine Workers of America, the Fourth Circuit remanded to the arbitrator because the award in that case failed to identify which of two possible violations formed the basis for the award. 951 F.2d 591

---

[3] Article IA(a) of the CBA provides in pertinent part that: The production of coal, including removal of overburden and coal waste, preparation, processing and cleaning of coal and transportation of coal (except by waterway or rail not owned by Employer), repair and maintenance work normally performed at the mine site or a central shop for the employer and maintenance of the gob piles and mine roads, and work of the type customarily related to all of the above shall be performed by the classified employees (emphasis supplied) of the Employer covered by and in accordance with the terms of this Agreement . . . .

[4] To the extent the Union, for the first time, suggests this argument as an alternative basis for the Award, it is precluded from raising it in a Rule 59(e) motion. See Exxon Shipping, 554 U.S. at 485 n. 5; Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . .").

(4th Cir. 1991). The first would have allowed for compensatory damages, while the second would not. Because the court could not determine which violation formed the basis for the award, it also could not determine whether the damages were compensatory or punitive. Consequently, it remanded to the arbitrator for clarification. Id. at 594.

Similarly, in a case from this District decided by Judge Stamp, McElroy Coal Co. v. United Mine Workers of America, 2009 WL 367699 (N.D.W.Va. Feb. 10, 2009) (Stamp, J.), the arbitrator concluded that the employer had violated the CBA and awarded the union sixteen man-hours. However, because the arbitrator had not "definitively resolve[] the issue of whether the award granted was compensatory in nature." Id. at 5 (citing Eastern Assoc. Coal Corp. v. Dist. 17 and Local Union 9177, UMWA, 2006 WL 2819537 *9 (S.D.W.Va. Sept. 28, 2006)), Judge Stamp remanded the action to the arbitrator for "clarification of the basis of the award." Id.

There is no such ambiguity here. The Union's contention that the phrase, "at the very least," infers an alternative basis upon which the Arbitrator may have grounded her decision is belied by the Award itself. Other than simply repeating the Union's position in the beginning of the Award, the Arbitrator spares not a single word for the possibility of one, much less two, possible

7

alternative bases for the Award. Unlike Cannelton, McElroy, or the other cases cited by the Union, there is no ambiguity here between alternative types of damages for which an arbitrator failed to clearly articulate the basis.  The Arbitrator unambiguously concluded that the work was repair and maintenance, not construction, a decision that contradicted significant arbitral precedent. Therefore, remand is not warranted.

**B.   The Court Need Not Reconsider Its Prior Decision**

The Union next argues that the Court should not have reviewed the Arbitrator's Award in the first instance.[5] Dkt. No. 23 at 6. Quoting from several cases, it implies that an arbitrator's award is unassailable by a reviewing court so long as "the arbitrator is even arguably construing or applying the contract." Dkt. No. 25 at 7 (citing Brown & Pipkin, LLC v. SEIU, 846 F3d 716 at 724 (4th Cir. 2017) and PPG Industries, Inc. v. International Chemical Workers Union, 587 F3d 648 at 652 (4th Cir. 2009)). The Union even contends that whenever an arbitrator so much as makes reference to a contract a court loses any authority to disturb the decision.

Such an absolute prohibition is a bridge too far. In the circumstance of a dispute involving a labor grievance, as is the

---

[5]This is not a new argument. The Union raised it in its response to the Company's motion for summary judgment, as well as in its own motion for summary judgment.

case here, one cannot fathom an award that does not, in at least some way, construe or apply the contract. Moreover, because courts can and do vacate arbitration awards under certain albeit very limited circumstances, the Union's broad reading of the case law is unsupportable. As the Order and Opinion recognized, this case presented one of those very rare circumstances where a reviewing court may vacate an arbitration award.

Finally, the Union implies that the Court erred when, in its analysis, it considered the Arbitration Award of Arbitrator Elliot Schaller in The Marshall County Coal Co. v. United Mine Workers of America, Local 1638, Case No. 11-31-15-101 (July 27, 2015). Dkt. No. 25 at 4. In its Opinion and Order, the Court acknowledged, but questioned, the Arbitrator's refusal to consider this opinion solely because the Company presented it late on the day that the record closed.[6]

To be clear, the Court cited to the Marshall County decision for its persuasive reasoning, as well as its exhaustive compilation of the arbitral precedent, all of which was independently available to the Arbitrator. See Dkt. No. 20 at 18, n. 9. Thus, the Court's

---

[6]The parties did not argue, nor did the Court uncover, any reason why the Arbitrator could not or should not have considered the Marshall County decision and award as it would any other arbitral precedent, regardless of whether the record was closed.

9

reliance on the Marshall County decision is not only permitted but prudent; the arbitral precedent collected in that case unassailably establishes that the common law of the shop dictated that the work in question was construction — something that should have guided the Arbitrator's analysis.

Accordingly, any argument that the Court's reference to the Arbitrator's decision in Marshall County warrants reconsideration is unavailing. The Court need not "'rethink what [it] has already thought through-rightly or wrongly.'" Turner, 2014 WL 4805265 at * 2 (quoting Above the Belt, 99 F.R.D. at 101)).

### IV. CONCLUSION

After careful consideration of the Union's arguments, for the reasons discussed the Court **DENIES** the Union's motion for reconsideration (dkt. no. 22).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: May 12, 2017

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE